# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| BRENTON L. COE, § § § | |
| Plaintiff, § § | |
| v. § | Case No. 6:24-cv-103-JDK-JDL |
| EVE COE, et al., § § § | |
| Defendants. § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Brenton L. Coe's motion to compel the Inmate Trust Fund Department to forward his initial partial filing fee of $160.42 to the Clerk of Court. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On December 9, 2024, Judge Love issued a Report and Recommendation construing the motion as an application for a writ of mandamus and recommending that the Court deny the application. Docket No. 31. Plaintiff filed objections. Docket No. 33.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Objections must be "sufficiently specific to focus the district court's attention on the factual and legal issues which are truly in dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc) ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider."). General, vague, conclusive, or frivolous objections will not suffice. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). In such cases, the Court will only review the Magistrate Judge's findings to determine if they are clearly erroneous or contrary to the law. *See Gallegos v. Equity Title Co. of America, Inc.*, 484 F.Supp.2d 589, 591 (W.D. Tex. 2007) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

Plaintiff's objections here are general, vague, and conclusory. This alone warrants a review of Judge Love's findings for clear error or conclusions contrary to law. *See id.* Even conducting a de novo review, however, the Court finds that Judge Love's Report is correct. Plaintiff's objections fail to discuss the specific legal findings and conclusions of the Report. Critically, he fails to address the legal conclusion that federal courts lack the power to issue writs of mandamus to direct state officials to perform certain duties or functions—such as directing state officials to withdraw funds from an inmate's trust fund and forward the funds to the Clerk of the Court. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)

(holding that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought").

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 33) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 31) as the opinion of the Court. Accordingly, Plaintiff's motion to compel, construed as an application for writ of mandamus (Docket No. 30), is **DENIED**.

So **ORDERED** and **SIGNED** this **7th** day of **January, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE